IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| UNITED STATES OF AMERICA | ) | |
|---|---|---|
| | ) | |
| v. | ) | Criminal No. 06-299-2 |
| | ) | |
| RODNEY DUANE ALLEN | ) | |

## MEMORANDUM AND ORDER OF COURT

Presently before the court is defendant's pro se Motion for Early Termination of Supervised Release (Document No. 328) and the government's Response in opposition thereto (Document No. 330). For reasons explained below, defendant's motion will be denied.

On August 30, 2006, defendant and his co-defendant, Alvin M. Thomas, were charged in a three-count indictment with conspiracy to distribute and possess with intent to distribute five kilograms or more of cocaine from in or around 1998 to on to on or about August 28, 2006, in violation of 21 U.S.C. §846 (Count One), and distribution and possession with intent to distribute five kilograms or more of cocaine on May 23, 2006 (Count Two) and on July 21, 2006 (Count Three), in violation of 21 U.S.C. §§841(a)(1) and 841(b)(1)(A)(ii). Defendant subsequently changed his plea to guilty to Count One of the indictment, and he was sentenced on August 26, 2009, to 108 months imprisonment and a 5-year term of supervised release.

On January 24, 2011, defendant was released from imprisonment and commenced his term of supervised release, which is scheduled to continue through January 23, 2016. Defendant now seeks early termination of supervised release.

Pursuant to 18 U.S.C. §3583(e)(1), the court may, after considering the factors set forth in §3553(a), terminate a term of supervised release at any time after the expiration of one year of supervised release if the court is satisfied that termination is warranted by the conduct of the defendant and the interest of justice. In making this determination, the statute directs the court to consider many of the same factors that it previously considered in imposing the initial sentence including: the nature and circumstances of the offense and the history and characteristics of the defendant, 18 U.S.C. §3553(a)(1); the need for the sentence imposed to afford adequate deterrence to criminal conduct and protect the public from further crimes of the defendant, 18 U.S.C. §§3553(a)(2)(B) and (C); the need for the sentence imposed to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner, 18 U.S.C. §3553(a)(2)(D); the sentencing range applicable to the defendant under the advisory Sentencing Guidelines along with any pertinent policy statement by the United States Sentencing Commission, 18 U.S.C. §§3553(a)(4) and (5); the need to avoid unwarranted sentence disparities among similarly situated defendants, 18 U.S.C. §3553(a)(6); and the need to provide restitution to any victims, 18 U.S.C. §3553(a)(7).

After considering these factors at sentencing, the court imposed a 5-year term of supervised release. Defendant primarily contends in his motion requesting early termination of supervision that he has been compliant with the terms of supervised release. This reason advanced by defendant does not change the court's determination that the full 5-year period of supervised release is appropriate.

Although it is commendable that defendant has complied with the conditions of supervision that the court imposed, this alone is not enough for the court to find that early termination of

2

supervised release is warranted by defendant's conduct and in the interest of justice as required by 18 U.S.C. §3583(e)(1). Section 3583 does not provide for early termination solely based on defendant's compliance with the terms of supervised release. The Third Circuit has instructed that "early termination of supervised release . . . should occur only when the sentencing judge is satisfied that something exceptional or extraordinary warrants it." United States v. Laine, 404 Fed. Appx. 571, 573-74 (3d Cir. 2010). As explained in Laine, "[s]imple compliance with the conditions of supervised release [is] expected and not exceptional . . . ." Id. at 574. Here, defendant's compliance with the terms of supervised release is neither exceptional nor extraordinary because that is what is required and expected of all defendants.

In sum, after considering the factors required by 18 U.S.C. §3583(e), the court is not satisfied that early termination of supervised release is warranted by defendant's conduct and the interest of justice. Rather, the court finds that continued supervision is appropriate in accordance with the 5-year term of supervised release originally imposed.

An appropriate order will follow.

ORDER OF COURT

AND NOW, this 17th day of March, 2014, for the reasons set forth in the Memorandum above, IT IS ORDERED that defendant's pro se Motion for Early Termination of Supervised Release (Document No. 328) be, and the same hereby is, denied.

/s/ Gustave Diamond
Gustave Diamond
United States District Judge

3

cc: Leo M. Dillon
Assistant U.S. Attorney

Rodney Duane Allen

United States Probation

AO 72
(Rev. 8/82)